# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

| | | |
|---|---|---|
| Debra Sharpenstein<br>   *Plaintiff* | ) ) ) | |
| v. | ) ) | Case No.   3:23CV-112-GNS |
| First Resolution Investment Corporation, LLC<br>   *Defendant*<br>Serve:<br>   Corporation Service Company<br>   112 North Curry Street<br>   Carson City, NV 89703 | ) ) ) ) ) ) ) | |
| Michael J. Keeney<br>   *Defendant*<br>Serve:<br>   Keeney Law PLLC<br>   7000 Houston Road, Suite 17<br>   Florence, KY 41042-4882 | ) ) ) ) ) ) ) ) | |
| Ivan J. Frockt<br>   *Defendant*<br>Serve:<br>   Jefferson County Attorney<br>   600 W. Jefferson Street<br>   Louisville, KY 40202 | ) ) ) ) ) ) ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

1. This is an action by Plaintiff Debra Sharpenstein as a consumer against Defendants First Resolution Investment Corporation, LLC ("FRIC"), Michael J. Keeney ("Keeney"), and Ivan J. Frockt ("Frockt") for their violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices. Plaintiff additionally brings claims against FRIC and Mr. Keeney for wrongful garnishment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C.

§1692k(d), and 28 U.S.C. § 2201.  Plaintiff also asks the Court to take supplemental jurisdiction over her interrelated state law claims under 28 U.S.C. §1367.

Venue is proper because the nucleus of facts and events at issue in this case arose in Jefferson County, Kentucky where Plaintiff is domiciled and which is located in this district.

## PARTIES

3. Plaintiff Debra Sharpenstein is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant First Resolution Investment Corporation, LLC ("FRIC") is a Nevada limited liability corporation which is not registered with the Kentucky Secretary of State and is the successor institution to First Resolution Investment Corporation, which converted to First Resolution Investment Corporation, LLC by articles of conversion filed with the Nevada Secretary of State on December 28, 2022. FRIC is engaged in the business of purchasing consumer debt in default and collecting those debts in the Commonwealth of Kentucky.

5. FRIC is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. FRIC's principal purpose is the collection of debt.

6. Defendant Michael J. Keeney is a Kentucky collection attorney engaged in the business of collecting debts on behalf of others, including FRIC. Mr. Keeney's principal place of business is located at 1724 South Virginia Street, Hopkinsville, KY 42240.

7. Mr. Keeney regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Mr. Keeney's principal business purpose is the collection of debt and is a "debt collector" within the meaning of the FDCPA as defined by 15 U.S.C. §1692a(6).

8. Defendant Ivan J. Frockt ("Frockt") is a Kentucky attorney who regularly appears as local counsel for debt collectors and debt collection attorneys such as Michael J. Keeney in debt collection cases before courts in the Commonwealth of Kentucky.[1] Mr. Frockt's principal place of business is located at 600 W. Jefferson Street, Louisville, KY 40202.

9. Mr. Frockt regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by acting as local counsel for debt collectors and their collection attorney

---

[1] Mr. Frockt is also a deputy Jefferson County Attorney. Mr. Frockt is named in this action solely in his individual, private capacity for actions which arise solely out of his private representation of parties in civil matters which are unrelated to any legal practice in which he engages on behalf of the Jefferson County Attorney.

which makes Mr. Frockt a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. §1692a(6).

## RELEVANT FACTS

10. Sixteen (16) years ago, on January 3, 2007, Defendant First Resolution Investment Corporation, LLC, then known as "First Resolution Investment Corp.," filed suit against Plaintiff Debra Sharpenstein ("Sharpenstein") in the Jefferson District Court of Jefferson County, Kentucky under case number 07-C-000168 (the "State Court Lawsuit") to collect a debt alleged to be due and owing to Providian National Bank ("Providian").

11. Ms. Sharpenstein used the Providian account at the basis of the State Court Lawsuit exclusively for personal, family, and/or household purposes, making the debt created by the Providian account a "debt" within the meaning of the FDCPA, 15 U.S.C. §1692a(5).

12. Also sixteen (16) years ago the Jefferson District Court entered a judgment against Ms. Sharpenstein in the State Court Lawsuit on June 5, 2007 (the "Judgment"). A true copy of the Judgment is filed as "Exhibit A."

13. And sixteen (16) years ago, pursuant to the Judgment, FRIC recorded a Notice of Judgment Lien with the Jefferson County Clerk on July 5, 2007 (the "First Judgment Lien") perfecting FRIC's statutory lien under KRS 426.720 on all real property owned or after acquired by Ms. Sharpenstein. A true copy of the recorded First Judgment Lien is filed in support as "Exhibit B."

14. No further activity occurred in the State Court Lawsuit until April 12, 2021, when Defendant Michael J. Keeney ("Keeney") filed a Notice of Substitution as Counsel for FRIC.

15. Then seven (7) months later, on November 17, 2021, Keeney recorded a second, duplicative, "Notice of Judgment Lien" with the Jefferson County Clerk (the "Second Judgment Lien"). A true and accurate copy of the Second Judgment Lien is filed as "Exhibit C."

16. The Second Judgment Lien did not refer to, amend or correct anything about the First Judgment Lien, nor did it release the First Judgment Lien and remains unreleased as of the date of this Complaint.

17. The First Judgment Lien perfected FRIC's legal lien created by the Judgment on Ms. Sharpenstein's real property pursuant to KRS 426.720(1), which lien was still perfected on the date the duplicative Second Judgment Lien was recorded by Keeney.

18. The Second Judgment Lien was therefore duplicative, superfluous and did not constitute a collection act that in any respect affected, enhanced, or added to the existing perfected collection rights of FRIC which already existed pursuant to the First Judgment Lien and therefore did not extend the fifteen year statute of limitations for collection of judgment debt set by KRS 413.090.

19. More than fifteen (15) years and five (5) months after the state court Judgment was entered, on November 9, 2022, Keeney filed a wage garnishment and served same on Ms. Sharpenstein's employer in an attempt to collect the Judgment (the "Wage Garnishment"). A true and accurate copy of the Wage Garnishment is filed as "Exhibit D."

20. The statute of limitations for actions on judgments in the Commonwealth of Kentucky is fifteen years from the date of the last act enforcing, carrying out, or putting the judgment into effect, which acts include recording of judgment liens and filing and serving of wage garnishments. KRS 413.090(2); *Wade v. Poma Glass & Specialty Windows, Inc.*, 394 S.W.2d 886, 895 (Ky. 2012).

21. As stated by the Jefferson District Court's Order quashing the Wage Garnishment as discussed *infra*, the Wage Garnishment was filed and served more than fifteen (15) years and four (4) months after July 5, 2007, the date on which the First Judgment Lien was recorded.

22. The First Judgment Lien was the last act enforcing, carrying out, or putting the judgment into effect prior to the Wage Garnishment, as the Second Judgment Lien did not enforce, carry out, or put into effect the Judgment beyond the act already taken by FRIC in recording the First Judgment Lien.

23. On January 17, 2023, undersigned counsel for Ms. Sharpenstein filed a motion to quash the Wage Garnishment in the State Court Lawsuit on Ms. Sharpenstein's behalf (the "Motion to Quash") on grounds that the Wage Garnishment was filed outside the applicable statute of limitations for actions on judgments.

24. On January 20, 2023, the Jefferson District Court heard Ms. Sharpenstein's Motion to Quash and Defendant Ivan J. Frockt ("Frockt") appeared as local counsel for FRIC, opposing Ms. Sharpenstein's motion and introduced into the record a copy of the duplicative, superfluous Second Judgment Lien.

25. On the strength of Mr. Frockt's objection to the Motion to Quash and filing of record the duplicative and superfluous Second Judgment Lien, the Jefferson District Court allowed FRIC additional time to file a written response to the Motion to Quash for further hearing on February 3, 2023 at 1:00 p.m. However, FRIC filed no response.

26. On February 3, 2023 at 1:00 p.m., undersigned counsel for Ms. Sharpenstein and Mr. Frockt on behalf of FRIC appeared before the Jefferson District Court and engaged in oral argument on the Motion to Quash, with Mr. Frockt continuing to oppose the motion on substantive grounds that the Wage Garnishment was not time-barred on account of the recording of the Second Judgment Lien.

27. On February 6, 2023, the Jefferson District Court entered an order granting Ms. Sharpenstein's Motion to Quash (the "Order Quashing"). A true and accurate copy of the Motion to Quash is attached as Exhibit "E."

28. The Order Quashing states, in relevant part:

> Defendant's Motion to Quash Wage Garnishment is HEREBY GRANTED. The Order of Wage Garnishment of November 17, 2022 filed by Plaintiff First Resolution Investment Corp. is hereby QUASHED as being filed outside the applicable fifteen (15) year statute of limitations for actions on judgments as prescribed by KRS 413.090.

29. FRIC, Mr. Keeney, and Mr. Frockt each separately violated the FDCPA by filing and serving a Wage Garnishment outside the applicable statute of limitations and affirmatively representing that the Wage Garnishment was not time-barred, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

## CLAIMS FOR RELIEF

### I.  Violations of the FDCPA

30. The foregoing acts and omissions of Defendants First Resolution Investment Corporation, LLC ("FRIC"), Michael J. Keeney ("Keeney"), and Ivan J. Frockt ("Frockt") constitute violations of the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA. FRIC, Mr. Keeney, and Mr. Frockt violated 15 U.S.C. §1692e, 15 U.S.C. §1692f, and one or more subsections of each statute. FRIC, Mr. Keeney, and Mr. Frockt's violations of the FDCPA include, but are not limited to, the following:

> **i.  Violation of 15 U.S.C. § 1692e(5) (threatening to take and/or taking an action that cannot be legally taken to collect a debt).** Each of the Defendants not only threatened to take but actually did take an action to collect that could not be legally taken: (1) by FRIC authorizing the filing and serving of the Wage Garnishment outside the

Kentucky statute of limitation for collection of judgments; (2) by Mr. Keeney actually filing and serving the time barred Wage Garnishment; and (3) by Mr. Frockt furthering the time barred collection of the Judgment by affirmatively representing to Ms. Sharpenstein and the Jefferson District Court that the Wage Garnishment was not time-barred in an attempt to allow the time-barred garnishment to continue.[2]

**ii.  Violation of 15 U.S.C. § 1692e(2)(A) (falsely representing the character, amount, or legal status of a debt).** The Defendants each violated the FDCPA by filing and serving the Wage Garnishment outside the applicable statute of limitations for actions on judgments, and by affirmatively representing to Ms. Sharpenstein and the Jefferson District Court that the Wage Garnishment was not time-barred in an attempt to allow the time-barred garnishment to continue, each Defendant violated the FDCPA: (1) by FRIC authorizing the false representation that the Judgment debt of Ms. Sharpenstein was not time barred in filing and serving of the Wage Garnishment outside the Kentucky statute of limitation for collection of judgments; (2) by Keeney and Frocht each falsely representing to Ms Sharpenstein and the Jefferson District Court that the Wage Garnishment was legally collectable by filing and serving the time barred wage garnishment and/or appearing before the Jefferson District court to further collection of the time barred Judgment debt by the time barred Wage Garnishment.

**iii.  Violation of 15 U.S.C. § 1692e(10) (use of false representation or deceptive means to collect a debt).** The Defendants each violated the FDCPA by filing, serving and/or submitting to Ms. Sharpenstein and the Jefferson District Court the second duplicative, superfluous Notice of Judgment Lien thus making the false representation that the statute of limitations on the Judgment debt was restarted and by affirmatively representing to Ms. Sharpenstein and the Jefferson District Court that the Wage Garnishment was not time-barred in an attempt to allow the time-barred garnishment to continue.

**iv.  Violation of 15 U.S.C. § 1692f (using unfair or unconscionable means to collect a debt).** The Defendants each violated the FDCPA by filing and/or serving the second duplicative, superfluous Notice of Judgment Lien to Ms. Sharpenstein and the Jefferson

---

[2]  See Order of March 9, 2020 in *Jay Croswait v. Bryan H. Hayes*, W.D. Ky. 3:19-cvc-00200-RGJ [DE 17, Page ID# 236-250] holding that plaintiff's allegation that lawyer's appearance and "moving to remand a motion for default judgment and to transfer the action to the correct venue …" stated an FDCPA claim by "continu[ing to] prosecut[e] the debt claim." *Id.* at *11-*13 [Page ID# 247-49]; citing *Heintz v. Jenkins,* 514 U.S. 291, 294, 298 (1995). A true and accurate copy of the Order in *Croswait* is filed in support as "Appendix 1."

See also *Stratton v. Portfolio Recovery Assoc. LLC*, 770 F.3d 4 43, 449-50, citing *Heintz v. Jenkins* and stating "[T]he Supreme Court has already held that the FDCPA applies to the litigating activities of lawyers and imposes some constraints on a lawyer's advocacy." Id. at 449 (internal citations omitted)

District Court and/or serving the Wage Garnishment to Ms. Sharpenstein or her employer to unfairly and unconscionably thereby collect the Judgment debt barred by the statute of limitations and by falsely representing to Ms. Sharpenstein and the Jefferson District Court that the Wage Garnishment was not time-barred in an attempt to allow the time-barred garnishment to continue.

## II.     Wrongful Garnishment

31.     The foregoing acts and omissions of Defendants First Resolution Investment Corporation, LLC ("FRIC") and Michael J. Keeney ("Keeney") constitute wrongful garnishment.

32.     FRIC and Keeney wrongfully filed the Wage Garnishment outside the applicable statute of limitations, meaning that FRIC had no cause of action remaining to it arising out of the Judgment.

33.     Wrongful garnishment has both tort and statutory remedies under KRS 411.080. *Kentucky Farm Bureau Mut. Ins. Co. v. Burton*, 922 S.W.2d 385, 388 (Ky. App. 1996).

34.     Plaintiff Sharpenstein is entitled to recover her actual damages and punitive damages from FRIC and Keeney for her wrongful garnishment claim arising out of the Wage Garnishment.

### PRAYER FOR RELIEF

**WHEREFORE**, based upon the facts and claims pleaded *supra*, Plaintiff Debra Sharpenstein requests that the Court grant her the following relief:

1.     Award Plaintiff the maximum statutory damages of one thousand dollars ($1,000.00) permitted under the FDCPA against each Defendant pursuant to 15 U.S.C. §1692k;

2.     Award Plaintiff her actual damages under the FDCPA and for the wrongful garnishment of her wages;

3.     Award Plaintiff punitive damages against FRIC and Mr. Keeney for wrongful garnishment;

4.     Award Plaintiff her reasonable attorney's fees and costs;

5.     A trial by jury; and

6.       Such other relief as the Court may adjudge just and proper.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie, KBA 81957
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:   (505) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson, KBA 86930
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel:    (502) 473-6525
Fax :  (502) 473-6561
james@kyconsumerlaw.com